**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSE ENRIQUE MARTINEZ, III,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-521-P** |
| | § | |
| **OFFICER ANDREW PITTAWAY, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case is now before the Court for review of *pro se* Plaintiff's civil suit. In this case, Plaintiff is proceeding *in forma pauperis* and, as such, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the Court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed his Complaint [doc. 1] on April 29, 2026. After reviewing the Complaint, the Court, in an order dated July 1, 2026, ordered Plaintiff to file an amended complaint because it could not, *inter alia*, ascertain "whether Plaintiff has stated claims upon which relief may be granted." On July 10, 2026, Plaintiff filed an Amended Complaint [doc. 10]. In his Amended Complaint, Plaintiff is suing Officer Andrew Pittaway and Dalworthington Gardens Police Department ("Defendants") for violating his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 1-3.) The entirety of Plaintiff's allegations are as follows:

> I just want to know why I was arrested for a blown out taillight. I tried contacting in house, and the Courts got no where.

> . . .
>
> I request compensatory damages for emotional distress in an amount to be proven at trial. I also request punitive damages for the willful violation of my constitutional rights.

(Pl.'s Am. Compl. at 4 (mistakes in the original).)

As set forth above, Plaintiff alleges claims against Defendants for violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl. at 3.) Although not entirely clear from his Amended Complaint, his suit appears to be premised on the allegation that Defendants violated his rights by arresting him for an offense, a taillight light being out, that is not normally one that a person is arrested for. (*See id.*) However, the Supreme Court has held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that a police officer arresting a person for not wearing a seatbelt is not Constitutional rights violation); *see also Virginia v. Moore*, 553 U.S. 164, 176 (2008) (holding "that while States are free to regulate [] arrests however they desire, state restrictions do not alter the Fourth Amendment's protections."). Under Texas law, having a taillight out, although a minor offense, is still a misdemeanor. *See* Tex. Transp. Code Ann. §§ 547.004(a)(2), 547.322(a). Thus, Defendants did not violate Plaintiff's Constitutional rights by arresting him for having his taillight out. Because Plaintiff has not asserted any allegations that amount to a violation of his Constitutional rights[1], the Court **FINDS and CONCLUDES** that Plaintiff has failed to state a claim upon which relief can be granted and **RECOMMENDS** that the case be **DISMISSED WITH PREJUDICE**.

---

[1] *See Mendiola, Jr. v. State of Tex.*, No. CV B-15-80, 2016 WL 2586683, at *1 (S.D. Tex. Mar. 31, 2016)( "To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation.")

Because Plaintiff is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, the Court **FINDS and CONCLUDES** that no amount of liberal construction of Plaintiff's Amended Complaint could result in a legally cognizable claim in this Court. Moreover, Plaintiff has had an opportunity to file a complaint that complies with the Federal Rules of Civil Procedure and state a viable claim. Consequently, based on the Amended Complaint, which is the live pleading before this Court, the Court is left with no choice but to recommend dismissal of Plaintiff's claims. *See* 28 U.S.C. § 1915(e)(2)(B).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 13 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 30, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE